[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14223
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60130-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYAN WHITEHEAD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 3, 2015)

Before HULL, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

After resentencing, Bryan Whitehead appeals his 432-month total sentence for two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and two counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  Whitehead's 432-month total sentence is comprised of concurrent 48-month sentences on the bank robbery counts, a mandatory consecutive 84-month sentence on the first firearm count, and a mandatory consecutive 300-month sentence on the second firearm count.  On appeal, Whitehead argues that his concurrent 48-month sentences on the two bank robbery counts are substantively unreasonable.  After review, we affirm.

## I.  BACKGROUND

### A.    Offense Conduct

In 2010, Whitehead robbed a bank at gunpoint, ordering the bank employees to empty their cash drawers and forcing them to the vault to give him money from there as well.  After taking the money, Whitehead escaped.

Two years later, in 2012, Whitehead robbed another bank at gunpoint, again forcing the tellers to give him money from their cash drawers and from the bank's vault.  After the second bank robbery, Whitehead was apprehended.

Following a jury trial, Whitehead was convicted of two counts of bank robbery (Counts 1 and 3) and two counts of brandishing a firearm during the bank robberies (Counts 2 and 4).

2

**B.    First Sentencing and Appeal**

At Whitehead's original sentencing, the district court imposed a 471-month total sentence. Pursuant to § 924(c), the district court imposed a consecutive, seven year (84-month) sentence for the first firearm count and a consecutive twenty-five year (300-month) sentence on the second firearm count, which accounted for 384 months of the total sentence. The sentences on the firearm counts were the mandatory minimums under 18 U.S.C. § 924(c) and were statutorily required to be served consecutive to each other and to any other sentence. See 18 U.S.C. § 924(c)(1)(A), (C), (D) (requiring a seven year sentence if a firearm was brandished and a twenty-five year sentence for "a second or subsequent [§ 924(c)] conviction" and prohibiting the sentences from running "concurrently with any other term of imprisonment").

For the two bank robbery counts, the district court calculated a combined total offense level. In doing so, the district court imposed a four-level abduction enhancement, pursuant to U.S.S.G. § 2B3.1(b)(4)(A), because during the robberies Whitehead forced bank employees at gunpoint to move to different areas of the banks. With a combined total offense level of 29 and a criminal history category of I, the district court calculated an advisory guidelines range of 87 to 108 months' imprisonment.

As to the bank robbery counts, Whitehead requested a sentence below the advisory guidelines range—specifically a sentence of "no time" on the bank robbery counts—based in part on Whitehead's good character and the fact that he had no prior criminal history.  In support, Whitehead called two witnesses, who testified that Whitehead: (1) was a good father who was close to his two children, one of whom suffered from sickle cell disease; and (2) had saved food to feed a homeless man in his neighborhood and had dropped out of college to support his younger siblings when his mother lost her job.  The government asked for a 108-month sentence on the bank robbery counts, and called one of the bank robbery victims to testify about the trauma she suffered from the bank robbery.  The district court imposed two concurrent 87-month sentences on the bank robbery counts, at the low end of the range.

On appeal, this Court affirmed Whitehead's convictions, but vacated the total sentence after concluding that the district court erred by applying U.S.S.G. § 2B3.1(b)(4)(A)'s four-level abduction enhancement when calculating the advisory guidelines range for the two bank robbery counts.  United States v. Whitehead, 567 F. App'x 758, 770-71 (11th Cir.), cert denied, 135 S. Ct. 308 (2014).  The Court explained that "[i]nstead, when a defendant forces victims at gunpoint to move to different areas of a bank branch, the increase for physical restraint of victims under § 2B3.1(b)(4)(B) applies."  Id. at 771.  Because the Court

was remanding for resentencing, it did not address Whitehead's argument that his sentences were substantively unreasonable.  Id.

## C.    Resentencing

At Whitehead's resentencing, the parties agreed that: (1) the mandatory minimum consecutive terms for the firearm counts, Counts 2 and 4, remained 84 months and 300 months, respectively; and (2) with the two-level physical-restraint enhancement, the advisory guidelines range for the bank robbery counts, Counts 1 and 3, was now 70 to 87 months.

Whitehead again asked for a downward variance.  Whitehead argued that the total mandatory minimum 32-year sentence on Counts 2 and 4, due to § 924(c)'s requirement that those sentences be "stacked," was more than adequate to serve the purposes of 18 U.S.C. § 3553(a), especially given that Whitehead had no criminal history before the bank robberies.  In support, Whitehead submitted an excerpt from a 2011 Sentencing Commission Report to Congress ("Report").  See U.S. Sentencing Comm'n, Report to Congress: Mandatory Minimum Penalties in the Federal Criminal Justice System (October 2011).  The Report notes that § 924(c)'s requirement that mandatory minimum sentences be "stacked" can result in unduly harsh sentences where all the stacked § 924(c) offenses are charged in the same indictment as part of a crime spree and the defendant had no prior criminal history.  Id., ch. 12 at 359-60.  The Report recommends that § 924(c) be amended so that,

5

inter alia, the mandatory stacking requirement apply only when the first § 924(c) offense is the result of a prior conviction.  Id., ch. 12 at 364.

The government requested a 70-month sentence, at the low end of the advisory guidelines range.  The government pointed out that, although Whitehead did not have any prior convictions before this prosecution, he committed the two bank robberies two years apart and not as part of a single criminal episode.  Thus, stacking his § 924(c) offenses did not result in an excessively harsh sentence on Whitehead's firearm counts and did not justify a downward variance with respect to his bank robbery counts.  In response, Whitehead argued that his stacked § 924(c) sentences were too harsh because he is not a true recidivist in the sense that he was not convicted and imprisoned on his first offense before committing a second offense.

The district court asked to be reminded of the testimony of the victim at the original sentencing hearing.  The government stated that one of the tellers previously testified about the harrowing nature of the robbery and that she still suffered from post-traumatic stress issues.

Before imposing the sentence, the district court noted that it had considered the parties' arguments and all of the § 3553(a) factors, emphasizing in particular the need to promote respect for the law, deter future criminal conduct, and provide a just punishment.  The district court granted Whitehead's request for a downward

variance and imposed concurrent 48-month sentences on Counts 1 and 3, resulting in a total sentence of 432 months.

## II.  DISCUSSION

On appeal, Whitehead argues that the district court was required to vary downward to a total zero-month prison sentence on Counts 1 and 4 to alleviate the severity of his mandatory, consecutive sentences on Counts 2 and 4, and requests that we vacate his total 432-month sentence and remand with instructions to impose a total 384-month sentence.

We review the reasonableness of a sentence for an abuse of discretion using a two-step process.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances.  Id.  On appeal, Whitehead argues only that his sentence is substantively unreasonable, and thus has abandoned any claim of procedural unreasonableness.  See United States v. Dougherty, 754 F.3d 1353, 1358 (11th Cir. 2014).

The abuse of discretion standard "allows a range of choice for the district court, "and we will vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of

7

reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (en banc) (quotation marks omitted). The party challenging the sentence bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors. Dougherty, 754 F.3d 1353 at 1361.[1]

Here, Whitehead has not shown that his total 432-month sentence is substantively unreasonable or that the district court abused its discretion by varying downward only to 48 months as to Counts 1 and 3, the bank robbery offenses.[2] Whitehead's 48-month concurrent sentences on Counts 1 and 3 are 22 months below his advisory guidelines range of 70 to 87 months and well below the 20-year statutory maximum in 18 U.S.C. § 2113(a), both indications of reasonableness. See United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008); United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

[2]The parties agree that the district court was statutorily required to impose the mandatory minimum sentences on Counts 2 and 4 and to run the sentences consecutive to any other sentence. Thus, the only question here is whether the district court's decision to impose concurrent 48-month sentences on Counts 1 and 3 was an abuse of discretion.

Whitehead argues that, given his mandatory consecutive sentences on Counts 2 and 4, the district court was required to "var[y] downward as far as possible" on Counts 1 and 3 "to minimize the injustice." Whitehead relies on the 2011 Report's finding that § 924(c)'s mandatory "stacked" sentences sometimes result in excessively harsh sentences for defendants with no prior convictions.

The 2011 Report does not make Whitehead's 48-month sentences substantively unreasonable. Although a district court may consider a Sentencing Commission report when selecting the appropriate sentence, such a report "does not limit the district court's discretion to determine what weight to give to each § 3553(a) factor" and "does not require the district court to vary" from the correctly calculated advisory guidelines range. United States v. Cubero, 754 F.3d 888, 900 (11th Cir. 2014).

The district court considered the 2011 Report and Whitehead's arguments that he had no prior criminal history and was not a true recidivist. In fact, the district court gave Whitehead a 22-month downward variance based on these mitigation arguments. But, the district court also considered the need for the sentence to promote respect for the law, deter future criminal conduct, and provide a just punishment. After weighing all the factors, the district court was unwilling to vary any further downward. Under the totality of the circumstances, we cannot say the district court abused its discretion.

9

**AFFIRMED.**